**PURDY & BAILEY**
CHARLES E. PURDY IV, SBN 99095
cpurdy@purdybailey.com
MICAH L. BAILEY, SBN 248384
mbailey@purdybailey.com
9820 Willow Creek Road, Suite 260
San Diego, California 92131
Telephone: (858) 564-0136
Facsimile: (858) 564-0142

Attorneys for AEGIS SOFTWARE, INC. dba SAN DIEGO SPIRITS
        FESTIVAL and SAN DIEGO INTERNATIONAL SPIRITS BOTTLE
        COMPETITION, Plaintiff

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AEGIS SOFTWARE, INC., a California Corporation dba SAN DIEGO SPIRITS FESTIVAL and SAN DIEGO INTERNATIONAL SPIRITS BOTTLE COMPETITION,<br><br>        Plaintiff,<br><br>v.<br><br>22ND DISTRICT AGRICULTURAL ASSOCIATION, a State Institution of the STATE OF CALIFORNIA dba DISTILLED: SAN DIEGO SPIRIT & COCKTAIL FESTIVAL and SAN DIEGO SPIRIT & COCKTAIL COMPETITION,<br><br>        Defendant. | Case No.: __'15CV2956 BTM BLM__<br><br>**COMPLAINT FOR:**<br><br>1) **FEDERAL TRADEMARK INFRINGEMENT**<br>2) **FEDERAL DILUTION OF FAMOUS MARK**<br>3) **FEDERAL UNFAIR COMPETITION**<br>4) **STATE SERVICE MARK INFRINGEMENT**<br>5) **STATE SERVICE MARK DILUTION**<br>6) **STATE UNFAIR COMPETITION**<br>7) **BREACH OF FIDUCIARY DUTY**<br><br>**[JURY TRIAL REQUESTED]** |

        Plaintiff AEGIS SOFTWARE, INC. dba SAN DIEGO SPIRITS FESTIVAL
and SAN DIEGO INTERNATIONAL SPIRITS BOTTLE COMPETITION
("SDSF") brings this Complaint for Federal Trademark Infringement, Federal
Dilution of Famous Mark, Federal Unfair Competition, State Service Mark

**PURDY & BAILEY**
A LAW FIRM
9820 WILLOW CREEK ROAD, SUITE 260
SAN DIEGO, CALIFORNIA 92131

1

**PURDY & BAILEY**
A LAW FIRM
9820 WILLOW CREEK ROAD, SUITE 260
SAN DIEGO, CALIFORNIA 92131

1  Infringement, State Service Mark Dilution, State Unfair Competition, and Breach of

2  Fiduciary Duty against Defendant 22ND DISTRICT AGRICULTURAL

3  ASSOCIATION OF THE STATE OF CALIFORNIA dba DISTILLED: SAN

4  DIEGO SPIRIT & COCKTAIL FESTIVAL and DISTILLED: SAN DIEGO

5  SPIRIT & COCKTAIL COMPETITION ("THE 22ND DISTRICT"), as follows:

### I.

### **PARTIES**

8      1.      SDSF is a California Corporation, with its principal place of business at

9  5580 La Jolla Boulevard, Suite #436, La Jolla, California 92037.  SDSF owns and

10  operates the largest cocktail festival on the west coast and is ranked within the top

11  five cocktail festivals in the United States.

12      2.      THE 22ND DISTRICT is a State Institution of the State of California

13  created under the provisions of Cal. Food & Agric.C. §3953, with its principal place

14  of business at 2260 Jimmy Durante Blvd, Del Mar, CA 92014. THE 22ND

15  DISTRICT is formed for the express purposes of "[h]olding fairs, expositions and

16  exhibitions for the purpose of exhibiting all of the industries and industrial

17  enterprises, resources and products of every kind or nature of the state with a view

18  toward improving, exploiting, encouraging, and stimulating them," and

19  "[c]onstructing, maintaining, and operating recreational and cultural facilities of

20  general public interest." Cal. Food & Agric.C. §3951.

### II.

### **JURISDICTION AND VENUE**

23      3.      This Court has jurisdiction over SDSF's Lanham Act claims pursuant

24  to 15 U.S.C. §1125 and 28 U.S.C. §1331.

25      4.      This Court has supplemental jurisdiction over SDSF's state law claims

26  pursuant to 28 U.S.C. §§1367 in that the state law claims are interrelated with the

27  federal claims and arise from the common nucleus of operative facts such that the

28  administration of these state law claims with SDSF's federal claims furthers the

**COMPLAINT**

**PURDY & BAILEY**
A LAW FIRM
9820 WILLOW CREEK ROAD, SUITE 260
SAN DIEGO, CALIFORNIA 92131

1    interests of judicial economy.

2          5.    SDSF and THE 22ND DISTRICT are both located in this District.

3          6.    Venue is proper in this Court under 28 U.S.C. §1391(b) because a

4    substantial portion of the events giving rise to the claims for relief stated in this

5    Complaint occurred in this District.

6                                    **III.**

7                      **GENERAL ALLEGATIONS**

8          7.    SDSF realleges paragraphs 1 through 6, inclusive, and incorporates the

9    same herein as though set forth in full.

10   **Origin of the San Diego Spirits Festival**

11         8.    In 2008, SDSF, by and through its principals, Alan and Elizabeth

12   Edwards, resolved to host the premier specialty cocktail and spirits festival on the

13   west coast.

14         9.    Once they had the concept in place, they set out and spent a substantial

15   amount of their time, money, and effort into planning, advertising, and ultimately

16   transforming their vision into reality, which culminated in the first inaugural "**SAN**

17   **DIEGO SPIRITS FESTIVAL**" in 2009.

18         10.   On May 13, 2009, in anticipation of the event, SDSF registered the

19   internet domain "www.sandiegospiritsfestival.com" with www.godaddy.com.  A

20   true and correct copy the SDSF's Domain Name Registration is attached hereto as

21   Exhibit 1.

22         11.   SDSF also marketed the 2009 **SAN DIEGO SPIRITS FESTIVAL** in

23   a variety of online, radio, television, and print media, in order to create publicity,

24   branding, and interest in its inaugural event.

25         12.   SDSF ultimately held the inaugural **SAN DIEGO SPIRITS**

26   **FESTIVAL** on June 5-7, 2009 at the Se Hotel (now the Palomar Hotel) in

27   Downtown San Diego, California. It was a smashing success. In particular, it

28   enjoyed approximately 800 attendees and hosted 19 separate "Spirit Brands," i.e.,

**COMPLAINT**

**PURDY & BAILEY**
A LAW FIRM
9820 WILLOW CREEK ROAD, SUITE 260
SAN DIEGO, CALIFORNIA 92131

1  individual and corporate applicants seeking to showcase their respective product at

2  the festival.

3      13.     Given the success of the inaugural SAN DIEGO SPIRITS FESTIVAL

4  in 2009, SDSF resolved to host the event on an annual basis.

5      14.     On September 1, 2009, SDSF therefore registered the Fictitious

6  Business Name "San Diego Spirits Festival" with the San Diego County

7  Assessor/Recorder/County Clerk.  A true and correct copy of the September 1, 2009

8  Fictitious Business Name Statement is attached hereto as Exhibit 2.

9      15.     The **SAN DIEGO SPIRITS FESTIVAL** continued to explode in

10 popularity with each successive year.

11     16.     In 2010, SDSF held the 2nd Annual **SAN DIEGO SPIRITS**

12 **FESTIVAL** on June 3-5, 2010 at the Hilton San Diego Bayfront, in Downtown San

13 Diego. It enjoyed approximately 1000 attendees (a 25% increase from the prior

14 year) and 36 "Spirit Brands" (an 89% increase from the prior year).

15     17.     In 2011, SDSF held the 3rd Annual **SAN DIEGO SPIRITS**

16 **FESTIVAL** on June 25-26, 2011 at the Port Pavilion located at the Broadway Pier

17 of the Downtown San Diego. It enjoyed approximately 1800 attendees (an 80%

18 increase from the prior year) and 48 "Spirit Brands" (a 33% increase from the prior

19 year). SDSF has held the event at the Port Pavilion on the Broadway Pier every year

20 since.

21     18.     In 2012, SDSF held the 4th Annual **SAN DIEGO SPIRITS**

22 **FESTIVAL** on August 25-26, 2012. It enjoyed approximately 2500 attendees (a

23 38% increase from the prior year) and 55 "Spirit Brands" (a 14% increase from the

24 prior year).

25     19.     In 2013, SDSF held the 5th Annual **SAN DIEGO SPIRITS**

26 **FESTIVAL** on August 24-25, 2013. It enjoyed approximately 2800 attendees (a

27 12% increase from the prior year) and 65 "Spirit Brands" (an 18% increase from the

28 prior year).

**COMPLAINT**

20.     Moreover, as the **SAN DIEGO SPIRITS FESTIVAL** continued to grow in popularity, in 2013, it hosted the first annual "**SAN DIEGO INTERNATIONAL SPIRITS BOTTLE COMPETITION**," which has taken on a life of its own.

21.     In particular, the **SAN DIEGO INTERNATIONAL SPIRITS BOTTLE COMPETITION** is an event that SDSF hosts within the **SAN DIEGO SPIRITS FESTIVAL**, where applicants from around the world submit new spirits for competition and judging.

22.     In its inaugural year of 2013, the **SAN DIEGO INTERNATIONAL SPIRITS BOTTLE COMPETITION** hosted 35 competitors from around the world.

23.     In 2014, SDSF held the 6th Annual **SAN DIEGO SPIRITS FESTIVAL** on August 23-24, 2014. It enjoyed approximately 3800 attendees (a 35% increase from the prior year) and 80 "Spirit Brands" (a 23% increase from the prior year).  Moreover, the 2014 **SAN DIEGO INTERNATIONAL SPIRITS BOTTLE COMPETITION** received 86 bottle entries from around the world (a 173% increase from the prior year).

24.     In 2015, however, SDSF saw its very first decline in attendance at the 7th Annual **SAN DIEGO SPIRITS FESTIVAL**, which took place on August 24-25, 2015.

25.     The reason for SDSF's decline is as a direct consequence of the infringing actions that THE 22ND DISTRICT has undertaken against it, as explained in more detail below.

**News Coverage**

26.     As the popularity surrounding the **SAN DIEGO SPIRITS FESTIVAL** and the **SAN DIEGO INTERNATIONAL SPIRITS BOTTLE COMPETITION** has grown, SDSF has regularly appeared on a variety of television, Internet, and radio programs each year to discuss and promote the events.

**PURDY & BAILEY**
A LAW FIRM
9820 WILLOW CREEK ROAD, SUITE 260
SAN DIEGO, CALIFORNIA 92131

1        27.    In respect to television coverage, the **SAN DIEGO SPIRITS**

2  **FESTIVAL** and the **SAN DIEGO INTERNATIONAL SPIRITS BOTTLE**

3  **COMPETITION** have been featured in the following local news segments:

4        a.    On June 17, 2011, the NBC San Diego Channel 7 News team

5  featured a segment in which it showcased the upcoming 2011 **SAN DIEGO**

6  **SPIRITS FESTIVAL**.[1]

7        b.    On June 24, 2011, the CW Channel 6 News team featured a

8  "Where's Ruben" segment showcasing the upcoming 2011 at three different times

9  throughout the day.[2]

10       c.    On August 22, 2012, the CW Channel 6 News team featured a

11  segment in which it interviewed Mrs. Edwards concerning the upcoming 2012 **SAN**

12  **DIEGO SPIRITS FESTIVAL**.

13  (https://www.youtube.com/watch?v=zoVyO79fbsU&feature=youtu.be) It later

14  featured a segment called "Test Your Spirit Knowledge" with Mrs. Edwards.

15  https://www.youtube.com/watch?v=qnaDcbwlZxQ&feature=youtu.be)

16       d.    On August 16, 2013, the CBS Channel 8 News team featured a

17  segment in which it interviewed Mrs. Edwards concerning the upcoming 2013 **SAN**

18  **DIEGO SPIRITS FESTIVAL**.[3]

19       e.    On August 21, 2013, the Night and Day News team featured an

20  online segment in which it interviewed Mr. Edwards concerning the upcoming 2013

21  **SAN DIEGO SPIRITS FESTIVAL**.[4]

22       f.    On August 22, 2013, the Fox Channel 5 News team featured a

23  segment in which it interviewed Mrs. Edwards concerning the upcoming 2013 **SAN**

24

25

26  [1] http://www.nbcsandiego.com/the-scene/food-drink/San_Diego_Spirits_Festival_San_Diego-124068369.html

27  [2] https://www.youtube.com/watch?v=467rVgTQXgY

     [3] https://www.youtube.com/watch?v=eh-cha-WStY

28  [4] https://www.youtube.com/watch?v=vuiRsOxFh9s

**COMPLAINT**

DIEGO SPIRITS FESTIVAL.[5]

g.     On August 22, 2013, the CW Channel 6 News team featured a segment in which it interviewed Mrs. Edwards concerning the upcoming 2013 **SAN DIEGO SPIRITS FESTIVAL**.[6]

h.     On August 23, 2013, the KUSI Channel 9 News team featured a segment in which it interviewed Mrs. Edwards concerning the upcoming 2013 **SAN DIEGO SPIRITS FESTIVAL**.[7]

i.     In August 2014, the CBS Channel 8 News team featured a segment in which it highlighted the upcoming 2014 **SAN DIEGO SPIRITS FESTIVAL**.[8]

j.     On August 16, 2015, the CW Channel 6 News team featured a segment on the upcoming 2015 **SAN DIEGO SPIRITS FESTIVAL**.

k.     On August 21, 2015, the CBS Channel 8 News team featured a segment in which it interviewed Mrs. Edwards concerning the upcoming 2015 **SAN DIEGO SPIRITS FESTIVAL**.

l.     On August 21, 2015, the Fox Channel 5 News team featured another segment in which it interviewed Mrs. Edwards concerning the upcoming 2015 **SAN DIEGO SPIRITS FESTIVAL**.[9]

m.     On August 22, 2015, the KUSI Channel 9 News team featured a segment covering the 2015 **SAN DIEGO SPIRITS FESTIVAL**.

n.     On August 22, 2015, the CBS Channel 8 News team featured another segment covering the 2015 **SAN DIEGO SPIRITS FESTIVAL** and noting Dennis Rodman's presence at the event.

o.     On August 23, 2015, the KUSI Channel 9 News team a segment

---

[5] https://www.youtube.com/watch?v=jBfNNJUp_J0

[6] https://www.youtube.com/watch?v=oAPxHO41ewY

[7] https://www.youtube.com/watch?v=Fw8EOJgpGxU

[8] http://www.cbs8.com/category/155799/video-landing-page?clipId=11783707&autostart=true

[9] http://fox5sandiego.com/2015/08/21/take-a-bite-out-of-the-san-diego-spirits-festival/

PURDY & BAILEY
A LAW FIRM
9820 WILLOW CREEK ROAD, SUITE 260
SAN DIEGO, CALIFORNIA 92131

7

**COMPLAINT**

covering the 2015 **SAN DIEGO SPIRITS FESTIVAL**.

        p.     On August 23, 2015, CBS Channel 8 News team featured a segment covering the 2015 **SAN DIEGO SPIRITS FESTIVAL** on the 4:00 pm, 6:00 pm, 11:00 pm news broadcasts.

        q.     On August 24, 2015, the KSDI Channel 50 News Team featured a segment concerning the upcoming 2015 **SAN DIEGO SPIRITS FESTIVAL**.[10] It later broadcasted coverage from the **SAN DIEGO SPIRITS FESTIVAL** as well.[11]

    28.     In respect to radio coverage, the **SAN DIEGO SPIRITS FESTIVAL** and the **SAN DIEGO INTERNATIONAL SPIRITS BOTTLE COMPETITION** have been featured in countless radio broadcasts. For example:

        a.     On May 27, 2010, "KCAA Radio, 1050 AM" interviewed Mrs. Edwards concerning the upcoming 2010 **SAN DIEGO SPIRITS FESTIVAL**.

        b.     On June 15, 2011, "WS Radio" interviewed Mrs. Edwards concerning the upcoming 2011 **SAN DIEGO SPIRITS FESTIVAL**.[12]

    29.     On June 2, 2014, Mrs. Edwards appeared in a radio interview on "Women's Radio," which recognized the **SAN DIEGO SPIRITS FESTIVAL** as "one of the top five spirit festivals in the world."[13]

    30.     The **SAN DIEGO SPIRITS FESTIVAL** and the **SAN DIEGO INTERNATIONAL SPIRITS BOTTLE COMPETITION** have also been featured on countless occasions since 2009 in a variety of online news websites and print media. For instance:

        a.     On June 5, 2010, The Spirit World featured an article concerning the **SAN DIEGO SPIRITS FESTIVAL**, which was only in its third year of

---

[10] https://www.youtube.com/watch?v=bosYa7wXNvA

[11] https://www.youtube.com/watch?v=zsH1tLErbfQ

[12] See http://www.wsradio.com/player/wsradio-player-link.cfm?player=windows&segdate=061511&segment=2&show=artrox

[13] www.womensradio.com/2014/06/the-cocktail-renaissance-liz-edwards/

operation at that point.

b. On November 4, 2010, the San Diego Community Newspaper Group featured an article concerning the **SAN DIEGO SPIRITS FESTIVAL**, which was only in its third year of operation at that point.[14]

c. On June 22, 2011, the San Diego City Beats featured an article boasting that the **SAN DIEGO SPIRITS FESTIVAL** constituted the "apex" of the emerging cocktail culture in San Diego.[15]

d. On February 22, 2013, Fodors (the world's largest publisher of English language travel and tourism information) featured an article naming the **SAN DIEGO SPIRITS FESTIVAL** as one of the "Best Cocktail Festivals in America." A true and correct copy of the February 22, 2013 Fodors Article is attached hereto as Exhibit 3.

e. On July 1, 2013, Premier Traveler Magazine noted that the **SAN DIEGO SPIRITS FESTIVAL** is an event that "raise the bar for festive cocktail and beer happenings." A true and correct copy of the July 1, 2013 Premier Traveler Article is attached hereto as Exhibit 4.

f. On August 20, 2015, the San Diego Union-Tribune printed a full page feature concerning the upcoming 2015 **SAN DIEGO SPIRITS FESTIVAL** and **SAN DIEGO INTERNATIONAL SPIRITS BOTTLE COMPETITION**.

g. On August 20, 2015, Discover San Diego's featured article consisted of coverage for the upcoming 2015 **SAN DIEGO SPIRITS FESTIVAL** and **SAN DIEGO INTERNATIONAL SPIRITS BOTTLE COMPETITION**.

**Recognition and Awards**

31. Through its branding and quality of service, as SDSF's marks, **SAN DIEGO SPIRITS FESTIVAL** and **SAN DIEGO INTERNATIONAL SPIRITS**

PURDY & BAILEY
A LAW FIRM
9820 WILLOW CREEK ROAD, SUITE 260
SAN DIEGO, CALIFORNIA 92131

---

[14] http://sdnews.com/bookmark/10166571/article-Longtime-La-Jollan-has-a-taste-for-mixology--holds-popular-downtown-event

[15] http://sdcitybeat.com/article-9222-the-san-diego-spirits-festival.html

**COMPLAINT**

1  **BOTTLE COMPETITION** have earned SDSF a variety of awards, recognition,

2  and accolades at the local, national, and international levels. For instance:

3      a.   In 2011, Mayor Jerry Sanders delivered a Proclamation greeting

4  guests and participants at the third annual **SAN DIEGO SPIRITS FESTIVAL** that

5  occurred on June 25-26, 2011. A true and correct copy of the June 25, 2011 Jerry

6  Sanders Letter is attached hereto as Exhibit 5.

7      b.   In 2012, Mayor Sanders delivered a second Proclamation

8  greeting guests and participants at the fourth annual **SAN DIEGO SPIRITS**

9  **FESTIVAL** that occurred on August 25-26, 2012. A true and correct copy of the

10  August 25, 2012 Jerry Sanders Proclamation is attached hereto as Exhibit 6.

11      c.   On February 22, 2013, Fodors recognized the **SAN DIEGO**

12  **SPIRITS FESTIVAL** as one of the "Best Cocktail Festivals in America." A true

13  and correct copy of the February 22, 2013 Fodors Article is attached hereto as

14  Exhibit 3.

15      d.   On August 24, 2013 interim Mayor Todd Gloria presented a

16  "Special Commendation" to SDSF proclaiming August 24, 2013 as "San Diego

17  Spirits Festival Day" for all San Diegans. A true and correct copy of the August 24,

18  2013 Todd Gloria Special Commendation is attached hereto as Exhibit 7.

19      e.   On August 24, 2014 Mayor Kevin L. Faulconer again

20  proclaimed August 23, 2014 as "San Diego Spirits Festival Day" in San Diego. A

21  true and correct copy of the August 24, 2014 Kevin Faulconer Proclamation is

22  attached hereto as Exhibit 8.

23      f.   On August 22, 2015 Mayor Faulconer again proclaimed August

24  22, 2015 to be "San Diego Spirits Festival Day" in San Diego. A true and correct

25  copy of the August 22, 2015 Kevin Faulconer Proclamation is attached hereto as

26  Exhibit 9.

27      g.   Over the years, the **SAN DIEGO SPIRITS FESTIVAL** and

28  **SAN DIEGO INTERNATIONAL SPIRITS BOTTLE COMPETITION** has also

**COMPLAINT**

PURDY & BAILEY
A LAW FIRM
9820 WILLOW CREEK ROAD, SUITE 260
SAN DIEGO, CALIFORNIA 92131

attracted the attention of several celebrities. For instance:

    h.    In 2015, Dennis Rodman appeared at the 2015 **SAN DIEGO SPIRITS FESTIVAL** in order to market and promote his vodka line.

    i.    In 2013, Vince Neil appeared at the 2013 SAN DIEGO SPIRITS FESTIVAL in order to market and promote his tequila line.

    j.    Ron Jeremy has appeared at the 2013, 2014, and 2015 SAN DIEGO SPIRITS FESTIVALS in order to market and promote his rum line.

**The July 7, 2013 Meeting**

32.    As the popularity surrounding the **SAN DIEGO SPIRITS FESTIVAL** and **SAN DIEGO INTERNATIONAL SPIRITS BOTTLE COMPETITION** continued to grow, it ultimately caught the attention of THE 22ND DISTRICT, which is formed for the express purpose of "[h]olding fairs, expositions and exhibitions for the purpose of exhibiting all of the industries and industrial enterprises, resources and products of every kind or nature of the state with a view toward improving, exploiting, encouraging, and stimulating them," and "[c]onstructing, maintaining, and operating recreational and cultural facilities of general public interest." Cal. Food & Agric.C. §3951.

33.    This purpose includes hosting such fares, expositions, and exhibitions at the "San Diego County Fair."

34.    In mid-2013, THE 22ND DISTRICT contacted SDSF and invited Mr. and Mrs. Edwards meet at its headquarters in Del Mar on July 7, 2013, in order to discuss a potential "partnership" between SDSF and THE 22ND DISTRICT.

35.    In particular, THE 22ND DISTRICT informed SDSF that it was interested in holding an annual event showcasing cocktails during the San Diego County Fair.

36.    Mr. and Mrs. Edwards agreed to and attended a meeting with several individuals representing THE 22ND DISTRICT the on July 7, 2013, as it had requested.

**COMPLAINT**

**PURDY & BAILEY**
A LAW FIRM
9820 WILLOW CREEK ROAD, SUITE 260
SAN DIEGO, CALIFORNIA 92131

37.     At the meeting, THE 22ND DISTRICT first assured SDSF that THE 22ND DISTRICT had "no intention of going into commercial competition with the San Diego Spirits Festival." Instead, THE 22ND DISTRICT assured Mr. and Mrs. Edwards that it was interested in nothing more than exploring a "partnership" with SDSF that could include a "lead up" event for SDSF's **SAN DIEGO SPIRITS FESTIVAL** and **SAN DIEGO INTERNATIONAL SPIRITS BOTTLE COMPETITION**.

38.     With this assurance, Mr. and Mrs. Edwards proceeded to share, in detail, their operational structure, services, pricing and business model that they had developed in connection with the **SAN DIEGO SPIRITS FESTIVAL** and **SAN DIEGO INTERNATIONAL SPIRITS BOTTLE COMPETITION** with THE 22ND DISTRICT.

39.     SDSF left the meeting feeling excited about the possibilities that a potential partnership with THE 22ND DISTRICT offered, which would include continuing to grow the branding associated with its marks, **SAN DIEGO SPIRITS FESTIVAL** and **SAN DIEGO INTERNATIONAL SPIRITS BOTTLE COMPETITION**.

40.     The next day, on July 8, 2013, SDSF sent a letter to THE 22ND DISTRICT thanking it for its interest and the time they spent together brainstorming. A true and correct copy of the July 8, 2013 Letter is attached hereto as Exhibit 10.

41.     SDSF heard nothing in response to the July 8, 2013 Letter or in regards to any further discussion from THE 22ND DISTRICT of a "partnership," however, until SDSF discovered that THE 22ND DISTRICT never intended to explore any "partnership" between them, but rather instead intended to steal SDSF's business plan and launch its own competing and infringing event.

**The Infringement**

42.     Using the information that it took from the July 7, 2013 meeting, THE

**COMPLAINT**

**PURDY & BAILEY**
A Law Firm
9820 Willow Creek Road, Suite 260
San Diego, California 92131

1   22ND DISTRICT ultimately announced its plan to hold a competing cocktail and

2   culinary festival and competition at the San Diego County Fair on June 27, 2015

3   called: "**DISTILLED: SAN DIEGO SPIRIT & COCKTAIL FESTIVAL**" and

4   the "**THE SAN DIEGO SPIRIT & COCKTAIL COMPETITION**,"

5   respectively.[16]

6       43.     Confusion between the two festivals and competitions immediately

7   ensued.

8       44.     In particular, THE 22ND DISTRICT's name for its event, **DISTILLED:**

9   **SAN DIEGO SPIRIT & COCKTAIL FESTIVAL**, is confusingly similar to

10  SDSF's name for its event, the **SAN DIEGO SPIRITS FESTIVAL**.

11      45.     Moreover, THE 22ND DISTRICT's naming of its associated

12  competition **DISTILLED: SAN DIEGO SPIRIT & COCKTAIL**

13  **COMPETITION** is confusingly similar to SDSF's marks, **SAN DIEGO SPIRITS**

14  **FESTIVAL** and **SAN DIEGO INTERNATIONAL SPIRITS BOTTLE**

15  **COMPETITION**.

16      46.     On May 23, 2015, SDSF therefore sent a letter to THE 22ND

17  DISTRICT, detailing the infringing impact that its actions had upon SDSF's rights

18  in its marks, **SAN DIEGO SPIRITS FESTIVAL** and **SAN DIEGO**

19  **INTERNATIONAL SPIRITS BOTTLE COMPETITION**. A true and correct

20  copy of the May 23, 2015 Letter is attached hereto as Exhibit 11.

21      47.     THE 22ND DISTRICT ignored SDSF entirely.

22      48.     In fact, on May 27, 2015, Radio Station FM 94.9 featured an online

23  advertisement for THE 22ND DISTRICT's upcoming festival on June 27, 2015,

24  which included a promotional video that SDSF had created in 2014 for the **SAN**

25  **DIEGO SPIRITS FESTIVAL**. A true and correct copy of the 2014 Promotional

26  Advertising is attached hereto as Exhibit 12.

27      49.     Indeed, the promotional video featured Mrs. Edwards and many 2014

28

[16] http://distilledsandiego.com/

**COMPLAINT**

PURDY & BAILEY
A LAW FIRM
9820 WILLOW CREEK ROAD, SUITE 260
SAN DIEGO, CALIFORNIA 92131

1  SDSF participants promoting the 2014 **SAN DIEGO SPIRITS FESTIVAL**, and
2  which also included the **SAN DIEGO SPIRITS FESTIVAL's** logo embedded
3  within the video.

4        50.    Radio Station FM 94.9's advertisement, with SDSF's copyrighted
5  video embedded within, advertised on behalf of THE 22ND DISTRICT's festival
6  (which was two months before the **SAN DIEGO SPIRITS FESTIVAL)** and
7  ultimately became a great source of market confusion.

8        51.    Indeed, SDSF only discovered the copyright infringement after
9  receiving several calls from its confused participants.

10        52.    SDSF immediately contacted Radio Station FM 94.9 and demanded
11  that the infringing advertisement be removed immediately.

12        53.    Radio Station FM 94.9 apologized, removed the advertisement, and
13  admitted that the blatantly confusing advertisement had been running for "a few
14  weeks" before SDSF called to demand that it be taken down.

15        54.    Moreover, as THE 22ND DISTRICT's event drew closer, attendees and
16  participants who had attended the **SAN DIEGO SPIRITS FESTIVAL** in prior
17  years continuously contacted SDSF to inquire as to why SDSF had advanced the
18  **SAN DIEGO SPIRITS FESTIVAL** and **SAN DIEGO INTERNATIONAL**
19  **SPIRITS BOTTLE COMPETITION** from August 24-25, 2015 to June 27, 2015.

20        55.    Indeed, SDSF received multiple calls to from participants about
21  sending in their product, but SDSF had to inform the participants that they had not
22  actually entered the **SAN DIEGO SPIRITS FESTIVAL** and **SAN DIEGO**
23  **INTERNATIONAL SPIRITS BOTTLE COMPETITION,** but had entered the
24  **DISTILLED: SAN DIEGO SPIRIT & COCKTAIL FESTIVAL** and
25  **DISTILLED: SAN DIEGO SPIRIT & COCKTAIL COMPETITION**.

26        56.    In response to this confusion, SDSF was forced to repeatedly explain to
27  attendees and its own participants that THE 22ND DISTRICT's event was an entirely
28  separate and distinct event from the **SAN DIEGO SPIRITS FESTIVAL** and **SAN**

**COMPLAINT**

**PURDY & BAILEY**
A LAW FIRM
9820 WILLOW CREEK ROAD, SUITE 260
SAN DIEGO, CALIFORNIA 92131

1  DIEGO INTERNATIONAL SPIRITS BOTTLE COMPETITION, despite the
2  confusingly similar names of the two events.

3      57.    In May of 2015, SDSF therefore reached out Todd Gloria's Office
4  (now on the San Diego Board of Supervisors) for assistance. Mr. Gloria advocated
5  on behalf of SDSF to THE 22ND DISTRICT, requesting that it cease the use of its
6  infringing marks.

7      58.    THE 22ND DISTRICT ignored Mr. Gloria's outreach.

8      59.    THE 22ND DISTRICT ultimately held **DISTILLED: SAN DIEGO**
9  **SPIRIT & COCKTAIL FESTIVAL** and **DISTILLED: SAN DIEGO SPIRIT &**
10 **COCKTAIL COMPETITION** on June 27, 2015, as it had advertised.

11     60.    Two months later, SDSF held the 7th Annual 2015 **SAN DIEGO**
12 **SPIRITS FESTIVAL** and 3rd Annual **SAN DIEGO INTERNATIONAL**
13 **SPIRITS BOTTLE COMPETITION** on August 24-25, 2015.

14     61.    For the first time since its inception in 2009, the **SAN DIEGO**
15 **SPIRITS FESTIVAL**'s number of attendees and participants decreased from the
16 year prior.

17     62.    In particular, SDSF enjoyed only 3500 attendees in 2015 (an 8%
18 decrease from the prior year) and only 68 "Spirit Brands" (a 15% decrease from the
19 prior year).

20     63.    Thankfully, the 2015 **SAN DIEGO INTERNATIONAL SPIRITS**
21 **BOTTLE COMPETITION** continued to increase in popularity despite the
22 infringement of THE 22ND DISTRICT, having received 118 bottle entries from
23 around the world (a 42% increase from the prior year).

24     64.    After SDSF concluded its 2015 events, it was hopeful that the 22ND
25 DISTRICT's infringing actions would cease and that it would not seek to once again
26 host **DISTILLED: SAN DIEGO SPIRIT & COCKTAIL FESTIVAL** and
27 **DISTILLED: SAN DIEGO SPIRIT & COCKTAIL COMPETITION** in 2016.

28     65.    Nonetheless, THE 22ND DISTRICT has once again advertised its intent

**COMPLAINT**

**PURDY & BAILEY**
A LAW FIRM
9820 WILLOW CREEK ROAD, SUITE 260
SAN DIEGO, CALIFORNIA 92131

1    to host its infringing events again in June 2016.

2          66.      SDSF has therefore continued to take all actions within its power to

3    protect its brand and goodwill that it has built in its marks, the **SAN DIEGO**

4    **SPIRITS FESTIVAL** and **SAN DIEGO INTERNATIONAL SPIRITS**

5    **BOTTLE COMPETITION**.

6          67.      For instance, in September 2015, SDSF appealed to Senator Marty

7    Block of California's 39th Senate District to advocate on its behalf unto THE 22ND

8    DISTRICT. THE 22ND DISTRICT responded to Sen. Block's office that it had no

9    intention of responding to SDSF's complaints or changing direction in 2016.

10         68.      On October 8, 2015, SDSF sent a second cease and desist letter to THE

11   22ND DISTRICT, through counsel this time, again requesting that it immediately

12   cease and desist the use of the names **DISTILLED: SAN DIEGO SPIRIT &**

13   **COCKTAIL FESTIVAL** and **DISTILLED: SAN DIEGO SPIRIT &**

14   **COCKTAIL COMPETITION**. A true and correct copy of the October 8, 2015

15   Letter is attached hereto as Exhibit 13.

16         69.      THE 22ND DISTRICT ignored the October 8, 2015 Letter in its entirety.

17         70.      On October 21, 2015, in recognition of SDSF's rights, the California

18   Secretary of State approved its application to register the mark **SAN DIEGO**

19   **SPIRITS FESTIVAL** as a Service Mark entitled to the protections afforded by

20   service mark registration within the State of California. A true and correct copy of

21   the October 21, 2015 Service Mark Registration is attached hereto as Exhibit 14.

22         71.      On December 2, 2015, SDSF, by and through its counsel, filed a

23   government claim with the California Victim Compensation and Government Claim

24   Board (the "Claim Board") in respect to THE 22ND DISTRICT in compliance with

25   Cal. Gov.C. §910 and Cal. Food & Agric.C. §3955 ("the Claim"). A true and correct

26   copy of the December 2, 2015 Claim is attached hereto as Exhibit 15.

27         72.      The Claim Board responded to the Claim on by letter dated December

28   7, 2015, declining to take further action.  As such, SDSF has exhausted its

**COMPLAINT**

1  administrative relief required before filing the instant action seeking damages. A

2  true and correct copy of the December 7, 2015 Claim Denial is attached hereto as

3  Exhibit 16.

4  **Irreparable Harm Re: the 2016 San Diego Spirits Festival**

5  73.    Despite SDSF's attempts to informally resolve its dispute with the 22ND

6  DISTRICT, THE 22ND DISTRICT has ignored all such attempts.

7  74.    Instead, THE 22ND DISTRICT is once again actively promoting the

8  second **DISTILLED: SAN DIEGO SPIRIT & COCKTAIL FESTIVAL** and

9  **DISTILLED: SAN DIEGO SPIRIT & COCKTAIL COMPETITION**, which is

10  set to take place on June 25, 2016, two months before SDSF's Eighth Annual **SAN**

11  **DIEGO SPIRITS FESTIVAL** and **SAN DIEGO INTERNATIONAL SPIRITS**

12  **BOTTLE COMPETITION** on August 27-28, 2016 and which will run

13  concurrently to the many lead-up sub-events that SDSF will hold in San Diego

14  County in June and July 2016.

15  75.    Once again, SDSF has had countless customers and applicants from

16  prior years who have contacted it with questions as a result of the confusion caused

17  by THE 22ND DISTRICT's naming of its event.

18  76.    THE 22ND DISTRICT is charged by the State of California to act for

19  the good and benefit of the people and local businesses of San Diego County and

20  receives public benefits for this purpose.

21  77.    Notwithstanding its purpose, THE 22ND DISTRICT deceptively enticed

22  SDSF and its principals into disclosing its proprietary information and business

23  structure that it developed over several years in the **SAN DIEGO SPIRITS**

24  **FESTIVAL** and **SAN DIEGO INTERNATIONAL SPIRITS BOTTLE**

25  **COMPETITION** on July 7, 2013, with promises and assurances of a "partnership"

26  between it and SDSF and after further representing to SDSF that it had "no intention

27  of going into commercial competition with the San Diego Spirits Festival."

28  78.    SDSF did not demand that THE 22ND DISTRICT execute a

17

**COMPLAINT**

nondisclosure agreement prior to or at the July 7, 2013 meeting in that it naïvely believed that it was THE 22ND DISTRICT's actual intent to carry out its charge and not act in a deceptive manner.

79.     Despite these assurances, THE 22ND DISTRICT and the individual members of its Board, including Lisa Barkett, Lee Haydu, Kathlyn Mead, Pierre Sleiman, Russ Penniman, Frederick Schenk, Stephen O. Shewmaker, Richard Valdez, David Watson, and Tim Fennell, did exactly what THE 22ND DISTRICT promised not to do, by taking SDSF's proprietary information and utilizing it to launch its own competing specialty cocktail festival.

80.     Moreover, the deliberate manner in which THE 22ND DISTRICT has marketed its event has caused confusion and infringes upon SDSF's marks.

81.     SDSF has suffered and will continue to suffer monetary and substantial damage to its goodwill, branding, and service as a result of THE 22ND DISTRICT's infringing actions, unless it receives the injunctive and monetary relief requested below.

# IV.

## FIRST CAUSE OF ACTION FOR FEDERAL TRADEMARK INFRINGEMENT

### (SDSF v. THE 22ND DISTRICT)

82.     SDSF realleges paragraphs 1 through 81, inclusive, and incorporates the same herein as though set forth in full.

83.     SDSF has used its mark **SAN DIEGO SPIRITS FESTIVAL** since 2009 and this mark has acquired secondary meaning.

84.     SDSF has also used its mark **SAN DIEGO INTERNATIONAL SPIRITS BOTTLE COMPETITION** since 2012 and this mark has acquired secondary meaning.

85.     Therefore, these marks can be recognized for protection by the federal court, notwithstanding the absence of formal federal registration.

**COMPLAINT**

86.  THE 22ND DISTRICT has had both actual and constructive knowledge of SDSF's ownership of all rights in its marks prior to its infringing use of its marks, **DISTILLED: SAN DIEGO SPIRIT & COCKTAIL FESTIVAL** and **DISTILLED: SAN DIEGO SPIRIT & COCKTAIL COMPETITION** starting in 2014.

87.  There exists an overlap in SDSF's and THE 22ND DISTRICT's trade areas, in that both SDSF and THE 22ND DISTRICT are conducting entertainment exhibitions featuring spirits and cocktails, with an attendant competition.

88.  SDSF's marks have been and are extensively advertised, publicized, and sold throughout the world, well before THE 22ND DISTRICT began utilizing the names, **DISTILLED: SAN DIEGO SPIRIT & COCKTAIL FESTIVAL** and **DISTILLED: SAN DIEGO SPIRIT & COCKTAIL COMPETITION**.

89.  By virtue thereof, together with consumer acceptance and recognition, and its related website, SDSF's mark identifies SDSF's exhibitions and competitions only, and distinguishes them from those of others.

90.  THE 22ND DISTRICT has used and continues to use marks confusingly similar to SDSF's marks in commerce, with full knowledge of SDSF's superior rights and with full knowledge that its infringing use of such marks is intended to cause confusion, mistake and/or deception in violation of 15 U.S.C. §1114.

91.  Moreover, THE 22ND DISTRICT's actions constitute a knowing, deliberate and willful infringement of SDSF's marks, which renders this as an exceptional case under 15 U.S.C. §1117(a).

92.  As a proximate result of THE 22ND DISTRICT's actions, SDSF has suffered substantial damages, as well as the continuing loss of goodwill and reputation SDSF has established over the last seven (7) years that it has been using its marks as described above. This continuing loss of goodwill cannot be properly calculated and thus constitutes irreparable harm and injury for which SDSF has no adequate remedy at law. SDSF will continue to suffer irreparable harm unless the

PURDY & BAILEY
A LAW FIRM
9820 WILLOW CREEK ROAD, SUITE 260
SAN DIEGO, CALIFORNIA 92131

**COMPLAINT**

1    court enjoins THE 22ND DISTRICT's conduct.

2    V.

3    **SECOND CAUSE OF ACTION FOR FEDERAL DILUTION OF FAMOUS**

4    **MARK**

5    **(SDSF v. THE 22ND DISTRICT)**

6    93.    SDSF realleges paragraphs 1 through 92, inclusive, and incorporates

7    the same herein as though set forth in full.

8    94.    SDSF's marks, **SAN DIEGO SPIRITS FESTIVAL** and **SAN**

9    **DIEGO INTERNATIONAL SPIRITS BOTTLE COMPETITION** are famous

10    and distinctive and is entitled to protection against dilution by blurring or

11    tarnishment pursuant to 15 U.S.C. §1125(c).

12    95.    By using names confusingly similar to SDSF's marks, THE 22ND

13    DISTRICT is clearly trying to trade on SDSF's name and constitutes a scheme in

14    which consumers are deceived as to the nature of services provided, the origin of

15    those services, and the charges for those services.

16    96.    THE 22ND DISTRICT has deliberately and willfully attempted to trade

17    on SDSF's longstanding and hard-earned goodwill in its name, marks, and the

18    reputation established by SDSF in connection with the events and services it

19    provides, in particular, the **SAN DIEGO SPIRITS FESTIVAL** and the **SAN**

20    **DIEGO INTERNATIONAL SPIRITS BOTTLE COMPETITION**.

21    97.    THE 22ND DISTRICT has deliberately and willfully attempted to trade

22    on SDSF's reputation and goodwill as well as, in order to confuse consumers as to

23    the origin and sponsorship of THE 22ND DISTRICT's services and to pass off its

24    services and marks in commerce as those of SDSF.

25    98.    THE 22ND DISTRICT has and will continue to injure SDSF's business

26    reputation, has tarnished the distinctive quality of SDSF's famous names and marks,

27    and have lessened the capacity of SDSF's famous **SAN DIEGO SPIRITS**

28    **FESTIVAL** and **SAN DIEGO INTERNATIONAL SPIRITS BOTTLE**

**PURDY & BAILEY**
A LAW FIRM
9820 WILLOW CREEK ROAD, SUITE 260
SAN DIEGO, CALIFORNIA 92131

**COMPLAINT**

**PURDY & BAILEY**
A LAW FIRM
9820 WILLOW CREEK ROAD, SUITE 260
SAN DIEGO, CALIFORNIA 92131

1  **COMPETITION** service marks to identify and distinguish SDSF's services in

2  violation of 15 U.S.C. §1125(c).

3      99.    Moreover, THE 22^ND^ DISTRICT's actions constitute a knowing,

4  deliberate and willful dilution of SDSF's marks, which renders this as an

5  exceptional case under 15 U.S.C. §1117(a).

6      100.  As a proximate result of THE 22^ND^ DISTRICT's actions, SDSF has

7  suffered substantial damages, as well as the continuing loss of goodwill and

8  reputation SDSF has established over the last seven (7) years that it has been using

9  its marks as described above. This continuing loss of goodwill cannot be properly

10  calculated and thus constitutes irreparable harm and injury for which SDSF has no

11  adequate remedy at law. SDSF will continue to suffer irreparable harm unless the

12  court enjoins THE 22^ND^ DISTRICT's conduct.

**VI.**

**THIRD CAUSE OF ACTION FOR FEDERAL UNFAIR COMPETITION**
**(SDSF v. THE 22ND DISTRICT)**

16      101.  SDSF realleges paragraphs 1 through 99, inclusive, and incorporates

17  the same herein as though set forth in full.

18      102.  SDSF has used its mark SAN DIEGO SPIRITS FESTIVAL since 2009

19  and this mark has acquired secondary meaning.

20      103.  SDSF has also used its mark SAN DIEGO INTERNATIONAL

21  SPIRITS BOTTLE COMPETITION since 2012 and this mark has acquired

22  secondary meaning.

23      104.  Therefore, pursuant to 15 U.S.C. §1125(a), these marks can be

24  recognized for protection by the federal court, notwithstanding the absence of

25  formal federal registration.

26      105.  THE 22^ND^ DISTRICT has had both actual and constructive knowledge

27  of SDSF's ownership of all rights in its marks prior to its infringing use of its marks,

28  **DISTILLED: SAN DIEGO SPIRIT & COCKTAIL FESTIVAL** and

**COMPLAINT**

**PURDY & BAILEY**
A LAW FIRM
9820 WILLOW CREEK ROAD, SUITE 260
SAN DIEGO, CALIFORNIA 92131

1 | **DISTILLED: SAN DIEGO SPIRIT & COCKTAIL COMPETITION** starting in

2 | 2014.

3 |     106.   There exists an overlap in SDSF's and THE 22ND DISTRICT's trade

4 | areas, in that both SDSF and THE 22ND DISTRICT are conducting entertainment

5 | exhibitions featuring spirits and cocktails, with an attendant competition.

6 |     107.   SDSF's marks have been and are extensively advertised, publicized,

7 | and sold throughout the world, well before THE 22ND DISTRICT began utilizing the

8 | names, **DISTILLED: SAN DIEGO SPIRIT & COCKTAIL FESTIVAL** and

9 | **DISTILLED: SAN DIEGO SPIRIT & COCKTAIL COMPETITION**.

10 |     108.   By virtue thereof, together with consumer acceptance and recognition,

11 | and its related website, SDSF's mark identifies SDSF's exhibitions and

12 | competitions only, and distinguishes them from those of others.

13 |     109.   THE 22ND DISTRICT has used and continues to use marks confusingly

14 | similar to SDSF's marks in commerce, with full knowledge of SDSF's superior

15 | rights and with full knowledge that its infringing use of such marks is intended to

16 | cause confusion, mistake and/or deception in violation of 15 U.S.C. §1125(a).

17 |     110.   Moreover, THE 22ND DISTRICT's actions constitute a knowing,

18 | deliberate and willful infringement of SDSF's marks, which renders this as an

19 | exceptional case under 15 U.S.C. §1117(a).

20 |     111.   As a proximate result of THE 22ND DISTRICT's actions, SDSF has

21 | suffered substantial damages, as well as the continuing loss of goodwill and

22 | reputation SDSF has established over the last seven (7) years that it has been using

23 | its marks as described above. This continuing loss of goodwill cannot be properly

24 | calculated and thus constitutes irreparable harm and injury for which SDSF has no

25 | adequate remedy at law. SDSF will continue to suffer irreparable harm unless the

26 | court enjoins THE 22ND DISTRICT's conduct.

27 | / / /

28 | / / /

**COMPLAINT**

## VII.

## FOURTH CAUSE OF ACTION FOR STATE SERVICE MARK INFRINGEMENT

### (SDSF v. THE 22ND DISTRICT)

112.   SDSF realleges paragraphs 1 through 111, inclusive, and incorporates the same herein as though set forth in full.

113.   THE 22ND DISTRICT has intentionally used SDSF's service marks to trade on SDSF's long-standing and hard-earned goodwill in its name and marks in the **SAN DIEGO SPIRITS FESTIVAL** and the **SAN DIEGO INTERNATIONAL SPIRITS BOTTLE COMPETITION** as well as in order to confuse consumers as to the origin and sponsorship of THE 22ND DISTRICT's goods and services and to pass their products and services off as if they were endorsed by or originated with SDSF.

114.   THE 22ND DISTRICT's conduct is likely to cause confusion, mistake or deception as to the affiliation, connection or association of THE 22ND DISTRICT and its services with the services of SDSF, and as to the origin, sponsorship or approval of THE 22ND DISTRICT and its products and services.

115.   THE 22ND DISTRICT had direct and full knowledge of SDSF's prior use of and rights in the marks **SAN DIEGO SPIRITS FESTIVAL** and the **SAN DIEGO INTERNATIONAL SPIRITS BOTTLE COMPETITION** before the acts complained of herein.

116.   THE 22ND DISTRICT's unlawful and unfair conduct has led to a material diminution of the reputation and goodwill established by SDSF in its marks, which constitutes service mark infringement in violation of Cal. Bus. & Prof. Code §14245.

117.   As a proximate result of THE 22ND DISTRICT's actions, SDSF has suffered substantial damages, as well as the continuing loss of goodwill and reputation SDSF has established over the last seven (7) years that it has been using

PURDY & BAILEY
A LAW FIRM
9820 WILLOW CREEK ROAD, SUITE 260
SAN DIEGO, CALIFORNIA 92131

**COMPLAINT**

**PURDY & BAILEY**
A LAW FIRM
9820 WILLOW CREEK ROAD, SUITE 260
SAN DIEGO, CALIFORNIA 92131

1  its marks as described above. This continuing loss of goodwill cannot be properly

2  calculated and thus constitutes irreparable harm and injury for which SDSF has no

3  adequate remedy at law. SDSF will continue to suffer irreparable harm unless the

4  court enjoins THE 22ND DISTRICT's conduct.

5  **VIII.**

6  **FIFTH CAUSE OF ACTION FOR STATE SERVICE MARK DILUTION**

7  **(SDSF v. THE 22ND DISTRICT)**

8  118.   SDSF realleges paragraphs 1 through 117, inclusive, and incorporates

9  the same herein as though set forth in full.

10  119.   THE 22ND DISTRICT has intentionally used SDSF's service marks to

11  trade on SDSF's long-standing and hard-earned goodwill in its name and marks in

12  the **SAN DIEGO SPIRITS FESTIVAL** and the **SAN DIEGO**

13  **INTERNATIONAL SPIRITS BOTTLE COMPETITION** as well as in order to

14  confuse consumers as to the origin and sponsorship of THE 22ND DISTRICT's

15  goods and services and to pass their products and services off as if they were

16  endorsed by or originated with SDSF.

17  120.   THE 22ND DISTRICT's conduct is likely to cause confusion, mistake

18  or deception as to the affiliation, connection or association of THE 22ND DISTRICT

19  and its services with the services of SDSF, and as to the origin, sponsorship or

20  approval of THE 22ND DISTRICT and its products and services.

21  121.   THE 22ND DISTRICT had direct and full knowledge of SDSF's prior

22  use of and rights in the marks **SAN DIEGO SPIRITS FESTIVAL** and the **SAN**

23  **DIEGO INTERNATIONAL SPIRITS BOTTLE COMPETITION** before the

24  acts complained of herein.

25  122.   THE 22ND DISTRICT's unlawful and unfair conduct has led to a

26  material dilution of the reputation and goodwill established by SDSF in its marks,

27  which constitutes service mark dilution in violation of Cal. Bus. & Prof. Code

28  §14247.

**COMPLAINT**

**PURDY & BAILEY**
A LAW FIRM
9820 WILLOW CREEK ROAD, SUITE 260
SAN DIEGO, CALIFORNIA 92131

123.   As a proximate result of THE 22ND DISTRICT's actions, SDSF has suffered substantial damages, as well as the continuing loss of goodwill and reputation SDSF has established over the last seven (7) years that it has been using its marks as described above. This continuing loss of goodwill cannot be properly calculated and thus constitutes irreparable harm and injury for which SDSF has no adequate remedy at law. SDSF will continue to suffer irreparable harm unless the court enjoins THE 22ND DISTRICT's conduct.

## IX.

## SIXTH CAUSE OF ACTION FOR STATE UNFAIR COMPETITION

### (SDSF v. THE 22ND DISTRICT)

124.   SDSF realleges paragraphs 1 through 123, inclusive, and incorporates the same herein as though set forth in full.

125.   THE 22ND DISTRICT's actions constitute unlawful, unfair, or fraudulent business practices and deceptive, untrue, or misleading advertising in violation of California statutory law, including violation of Cal. Bus. & Prof. Code §17200 and §17500.

126.   THE 22ND DISTRICT's unlawful, unfair, or fraudulent business practices and deceptive, untrue or misleading advertising have harmed SDSF.

127.   As a proximate result of THE 22ND DISTRICT's actions, SDSF has suffered substantial damages, as well as the continuing loss of goodwill and reputation SDSF has established over the last seven (7) years that it has been using its marks as described above. This continuing loss of goodwill cannot be properly calculated and thus constitutes irreparable harm and injury for which SDSF has no adequate remedy at law. SDSF will continue to suffer irreparable harm unless the court enjoins THE 22ND DISTRICT's conduct.

128.   SDSF is further entitled to recover from THE 22ND DISTRICT the damages, including attorneys' fees, it has sustained and will sustain, and any gains, profits, and advantages obtained by it as a result of its acts of unfair competition

**COMPLAINT**

PURDY & BAILEY
A LAW FIRM
9820 WILLOW CREEK ROAD, SUITE 260
SAN DIEGO, CALIFORNIA 92131

1   alleged above.

2                                          **X.**

3   <u>**SEVENTH CAUSE OF ACTION FOR BREACH OF FIDUCIARY DUTY**</u>

4                              **(SDSF v. THE 22ND DISTRICT)**

5          129.   SDSF realleges paragraphs 1 through 128, inclusive, and incorporates

6   the same herein as though set forth in full.

7          130.   In mid-2013, THE 22ND DISTRICT contacted SDSF and invited Mr.

8   and Mrs. Edwards to meet at its headquarters in Del Mar on July 7, 2013, in order to

9   discuss a potential "partnership" between SDSF and THE 22ND DISTRICT.

10         131.   At the meeting, THE 22ND DISTRICT first assured SDSF that THE

11  22ND DISTRICT had "no intention of going into commercial competition with the

12  San Diego Spirits Festival." Instead, THE 22ND DISTRICT assured Mr. and Mrs.

13  Edwards that it was interested in nothing more than exploring a "partnership" with

14  SDSF that could include a lead up event for SDSF's **SAN DIEGO SPIRITS**

15  **FESTIVAL** and **SAN DIEGO INTERNATIONAL SPIRITS BOTTLE**

16  **COMPETITION**.

17         132.   As an agricultural association created by the people of the state of

18  California, THE 22ND DISTRICT owes a fiduciary duty to SDSF as a citizen and

19  resident within its District, as solidified by THE 22ND DISTRICT's own Mission

20  Statement, which is "To manage and promote a world-class, multi-use, public

21  assembly facility with an emphasis on agriculture, education, entertainment and

22  recreation in a fiscally sound and environmentally conscientious manner for the

23  benefit of all."

24         133.   Likewise, the factual circumstances of this case give rise to a

25  determination that a fiduciary duty existed between SDSF and THE 22ND

26  DISTRICT, considering that SDSF placed the upmost trust and confidence in THE

27  22ND DISTRICT when it agreed to participate in the "partnership" meeting that THE

28  22ND DISTRICT suggested.

**COMPLAINT**

**PURDY & BAILEY**
A LAW FIRM
9820 WILLOW CREEK ROAD, SUITE 260
SAN DIEGO, CALIFORNIA 92131

134.   In essence, SDSF placed a special confidence in THE 22ND DISTRICT who, in equity and good conscience, is bound to act in good faith and with due regard to the interests of SDSF.

135.   THE 22ND DISTRICT and the individual members of its Board of Directors, including Lisa Barkett, Lee Haydu, Kathlyn Mead, Pierre Sleiman, Russ Penniman, Frederick Schenk, Stephen O. Shewmaker, Richard Valdez, David Watson, and Tim Fennell, failed to act in accordance with the fiduciary duties they owe to SDSF by, among other things, deceptively enticing SDSF and its principals into disclosing its proprietary information and business structure that it developed over several years in respect to the **SAN DIEGO SPIRITS FESTIVAL** and **SAN DIEGO INTERNATIONAL SPIRITS BOTTLE COMPETITION**, with promises and assurances of a "partnership" between it and SDSF and after further representing to SDSF that it had "no intention of going into commercial competition with the San Diego Spirits Festival."

136.   Despite these assurances, THE 22ND DISTRICT did exactly what it promised not to do, by taking SDSF's proprietary information and utilizing it to launch its own competing specialty cocktail festival, whose name confusingly infringes upon the marks that SDSF has established with respect to its marks, **SAN DIEGO SPIRITS FESTIVAL** and **SAN DIEGO INTERNATIONAL SPIRITS BOTTLE COMPETITION**.

137.   THE 22ND DISTRICT's primary purpose was to create its own competing specialty cocktail festival.

138.   Indeed, the deliberate manner in which THE 22ND DISTRICT has marketed its event has unfairly caused confusion and infringes upon SDSF's marks.

139.   In acting as described above, THE 22ND DISTRICT did not exercise the care required of an entity with the trust and responsibility entrusted and invested in it by failing to act in good faith, with reasonable care, and undivided loyalty.

140.   SDSF has suffered and will continue to suffer monetary and substantial

**COMPLAINT**

**PURDY & BAILEY**
A LAW FIRM
9820 WILLOW CREEK ROAD, SUITE 260
SAN DIEGO, CALIFORNIA 92131

1  damage to its goodwill, branding, and service as a proximate result of THE 22ND

2  DISTRICT's infringing actions, unless it receives the injunctive and monetary relief

3  herein.

4      141.   In addition to injunctive or monetary damages, SDSF is entitled to

5  punitive damages pursuant to Cal. Civ.C. §3294 because THE 22ND DISTRICT's

6  acts constituted malice, oppression, and fraud.

7                              **XI.**

8                      **PRAYER FOR RELIEF**

9      **WHEREFORE**, SDSF requests Judgment against THE 22ND DISTRICT, as

10  follows:

11      1.   That a Judgment be entered against THE 22ND DISTRICT such that it

12  is permanently enjoined from using or employing, directly or indirectly, SDSF's

13  mark or any mark, logo, device or the like that is confusingly similar to the SDSF's

14  mark, or is likely to confuse or deceive as to the affiliation, connection, sponsorship,

15  or association of the SDSF's mark or products or commercial activities of THE 22ND

16  DISTRICT with SDSF or its mark, or SDSF's commercial activities.

17      2.   That THE 22ND DISTRICT be directed to file with this Court, within

18  thirty days after entry of any injunction in this case, a written statement, under oath,

19  setting forth in detail the manner in which THE 22ND DISTRICT has complied with

20  the injunction;

21      3.   That an accounting be directed to determine the profits of THE 22ND

22  DISTRICT resulting from its trademark infringement and unfair competition which

23  are the subject of this suit, and that such damages be multiplied as allowable under

24  all applicable statutes;

25      4.   That SDSF recover its damages, in an as yet undetermined amount,

26  resulting from the trademark infringement and unfair competition of THE 22ND

27  DISTRICT;

28      5.   That SDSF recover its costs of this action;

**COMPLAINT**

**PURDY & BAILEY**
A LAW FIRM
9820 WILLOW CREEK ROAD, SUITE 260
SAN DIEGO, CALIFORNIA 92131

6.    That SDSF be awarded its reasonable attorneys' fees;

7.    That SDSF be awarded punitive damages in an amount to be determined; and

8.    That SDSF recover all such other and further relief as the Court may deem appropriate.

## XII.

## <u>DEMAND FOR JURY TRIAL</u>

SDSF requests a trial by jury on all issues so triable as of right.

DATED: December 30, 2015        **PURDY & BAILEY**


By:  /s/ Micah L. Bailey
     Charles E. Purdy IV
     Micah L. Bailey
     Attorneys for AEGIS SOFTWARE, INC.
     dba SAN DIEGO SPIRITS FESTIVAL
     and SAN DIEGO INTERNATIONAL
     SPIRITS BOTTLE COMPETITION,
     Plaintiff

**COMPLAINT**