UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AEGIS SOFTWARE, INC. dba SAN DIEGO SPIRITS FESTIVAL and SAN DIEGO SPIRITS BOTTLE COMPETITION,<br><br>Plaintiff,<br><br>v.<br><br>22nd DISTRICT AGRICULTURAL ASSOCIATION,<br><br>Defendant. | Case No.: 15cv2956 BTM (BLM)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION** |

On December 30, 2015, Plaintiff Aegis Software, Inc., filed a Complaint against Defendant 22nd District Agricultural Association alleging six causes of action, including both federal and state claims for trademark infringement and unfair competition. (ECF No. 1.) On February 29, 2016, Defendant filed a motion to dismiss for failure to state a claim. The Court issued an order denying in part and granting in part Defendant's motion to dismiss on August 30, 2016, dismissing all but two of Plaintiff's claims. (ECF No. 25.)

On April 4, 2016, Plaintiff filed a motion for preliminary injunction. (ECF No. 14.) For the reasons discussed below, Plaintiff's motion is **DENIED**.

## I. FACTUAL BACKGROUND[1]

Plaintiff Aegis Software hosts the "San Diego Spirits Festival" (hereinafter "SDSF"), an annual specialty cocktail and spirits festival held in San Diego since 2009. (Compl. ¶¶ 8-10.) In preparation for the first event, Plaintiff registered the fictitious business name "San Diego Spirits Festival" with the San Diego County Clerk. (Compl. ¶ 14.) After consecutive years of growth in both attendance and vendor participation, the SDSF in 2014 "enjoyed approximately 3800 attendees (a 35% increase from the prior year) and 80 'Spirit Brands' (a 23% increase from the prior year)." (Compl. ¶ 23.)

The SDSF is marketed in a variety of online, radio, television, and print media. (Compl. ¶ 11.) Local news and media outlets have covered and promoted the SDSF, and the SDSF has been featured in various online publications associated with alcoholic beverages. (Compl. ¶ 30.) Travel publications, including Fodors and Premier Traveler Magazine, have also featured the SDSF. (Compl. ¶ 30.) Finally, starting in 2013, the San Diego mayor has proclaimed a day in August each year as "San Diego Spirits Festival Day." (Compl. ¶ 31.d.-f.)

Given the success of the SDSF, Plaintiff hosted the first annual "San Diego International Spirits Bottle Competition" ("Competition") in 2013. (Compl. ¶ 20.) The Competition takes place during the SDSF and features applicants from around the world that submit new spirits for competition and judging. (Compl. ¶ 21.) In 2013 the Competition featured 35 competitors, and in 2014 the Competition featured 86 competitors. (Compl. ¶¶ 22, 23.)

### A. The SDSF Mark and Competition Mark

On October 21, 2015, Plaintiff successfully registered the service mark "San Diego Spirits Festival" with the Secretary of State of California. (See Certificate of

---

[1] A majority of the following facts are taken from the Court's previous order. (See Order Def.'s Mot. to Dismiss 1-4, ECF No. 25)

Registration of Service Mark, attached to Compl. as Ex. 14, ECF no. 1-2, pp. 39-44.) As discussed below, Plaintiff alleges in its Complaint that Defendant's actions infringed upon two of Plaintiff's marks: the San Diego Spirits Festival ("SDSF Mark") and the San Diego International Spirits Bottle Competition ("Competition Mark"). (Compl. ¶ 66.)

### B. Alleged Infringement

Defendant 22nd District Agricultural Association is a public association formed pursuant to California Food and Agriculture Code § 3951, for the express purpose of "[h]olding fairs, expositions, and exhibitions for the purpose of exhibiting all of the industries and industrial enterprises, resources and products of every kind or nature of the state with a view toward improving, exploiting, encouraging, and stimulating them." Cal. Food & Agric. Code § 3951(a).

In 2013 Defendant allegedly contacted Plaintiff to discuss Defendant's interest in hosting a cocktail event during the San Diego County Fair. (Compl. ¶ 35.) At a meeting in July 2013 to discuss the potential partnership, Alan and Elizabeth Edwards, the principals of the SDSF, allegedly shared important details relating to the business and operation structure of their festival and bottle competition. (Compl. ¶ 38.) Following the July 2013 meeting, Plaintiff allegedly did not hear from the Defendant again until Plaintiff learned that Defendant intended to hold a competing festival at the San Diego Country Fair in 2015. (Compl. ¶¶ 41-42.) Defendant's festival is named, "Distilled: San Diego Spirit & Cocktail Festival," and includes a spirits competition, named "Distilled: San Diego Spirit & Cocktail Competition. (Compl. ¶ 42.)

### C. Alleged Harm

Plaintiff alleges that the SDSF has suffered as a direct result of Defendant's cocktail festival and bottle competition. (Compl. ¶ 24.) Specifically, Plaintiff notes that attendance at the SDSF in 2015 decreased from the prior year for the first time in the festival's history. (Compl. ¶ 61.) Moreover, Plaintiff alleges that potential and

past attendees and vendor participants are routinely confused because of the similarity between the Plaintiff's Marks and Defendant's advertisements. (Compl. ¶ 43.)

Plaintiff seeks a preliminary injunction enjoining Defendant from using words or marks confusingly similar to Plaintiff's SDSF and Competition Marks.

## II. DISCUSSION

"A preliminary injunction is an extraordinary and drastic remedy." Pom Wonderful LLC v. Hubbard, 775 F.3d 1118, 1124 (9th Cir. 2014) (citing Munaf v. Geren, 553 U.S. 674, 689 (2008)). A plaintiff seeking a preliminary injunction or a temporary restraining order must establish that (1) it is likely to succeed on the merits; (2) it is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in its favor; and (4) where applicable, an injunction is in the public interest. Winter v. Natural Resources Defense Council, 555 U.S. 7, 20 (2008).

Following the Court's order granting in part and denying in part Defendant's motion to dismiss, Plaintiff's only remaining claims are for unfair competition pursuant to 15 U.S.C. § 1125(a) and service mark infringement under California law for the SDSF Mark. Accordingly, the Court analyzes Plaintiff's motion for preliminary injunction on these claims alone. See Doe v. Fed. Dist. Court, 467 F. App'x 725, 728 (9th Cir. 2012) (noting that a complaint that fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) cannot show a strong likelihood of success on the merits for the purposes of a motion for preliminary injunction). As discussed below, the Court finds that Plaintiff has not established a likelihood of success on the merits of either its federal or state claim.

//
//
//

A. **Likelihood of Success on the Merits**

   *1. Federal Claim*

In general, a claim under section 1125(a) is a federal claim for infringement of unregistered marks. See S. Cal. Darts Ass'n v. Zaffina, 762 F.3d 921, 926 (9th Cir. 2014); 5 J. McCarthy, Trademarks and Unfair Competition § 27:14 (4th ed. 2016). To succeed on a claim brought under section 1125(a), "a plaintiff must prove two basic elements: (1) it has a valid, protectable []mark, and (2) [the defendant's] use of the mark is likely to cause confusion." Zaffina, 762 F.3d at 929 (internal citation and quotation omitted). This first element is further "comprised of two sub-parts: the mark's protectability and the plaintiff's ownership of the mark." Id. Therefore, a plaintiff must prove that, (a) the marks are protectable; (b) plaintiff owned the marks; and (c) defendant's use of its marks is likely to cause confusion. See Id. Here, Plaintiff's ownership of the Marks is not in dispute.

   (a) Protectability

"Whether a mark is protectable depends on its degree of distinctiveness." Zaffina, 762 F.3d at 929. The five traditional categories of distinctiveness include generic, descriptive, suggestive, arbitrary, and fanciful. See Two Pesos, Inc. v. Taco Cabana, Inc., 505 U.S. 763, 768 (1992). Generic marks are not protectable, while marks that are suggestive, arbitrary, and fanciful are inherently distinctive and entitled to protection. Id. Marks that are descriptive, however, are not inherently distinctive and are only protectable if the mark has acquired secondary meaning—that is, that the mark "has become distinctive of the applicant's goods in commerce." Id. at 768 (citing 15 U.S.C. § 1052(f)).

In its opposition to Plaintiff's motion, Defendant asserts that Plaintiff's Marks are generic and therefore not protectable. When a mark is federally registered, the defendant bears the burden of persuasion as to the validity of the mark because a properly registered mark carries a presumption of validity. See Filipino Yellow Pages v. Asian Journal Pubs., 198 F.3d 1143, 1146 (9th Cir. 1999). If a mark is

Case 3:15-cv-02956-BTM-BLM   Document 26   Filed 09/06/16   PageID.577   Page 6 of 9

not registered and the defendant asserts genericness as a defense, the plaintiff has the burden of proving nongenericness. Id. In this case, because Defendant asserts genericness in its opposition, Plaintiff bears the burden of proving nongenericness of its Marks.

The Ninth Circuit applies the "who are you/what are you" test, where a valid mark answers the question "who are you?" while a generic name of a product answers the question "what are you?" Id. at 1147. "Under this test, if the primary significance of the trademark is to describe the type of product rather than the producer, the trademark is generic and cannot be a valid trademark." Id. (internal quotation and citations omitted) (emphasis in original). Defendant argues that Plaintiff's Marks are generic because Plaintiff's Marks directly answer the question "what are you?"—a spirit festival in San Diego and an international bottle competition in San Diego.[2]

Applying the "who are you/what are you test," the Court agrees with Defendant that Plaintiff's Marks directly answer the question "what are you?" Applying the test further, if a direct competitor of Plaintiff's festival was asked the question "what are you?" it would be appropriate for the competitor to reply "A San Diego spirits festival."

In Advertise.com, Inc. v. AOL Adver., Inc., 616 F.3d 974 (9th Cir. 2010) the Ninth Circuit found strong evidence of genericness in a similar inquiry. The mark at issue in Advertise.com v. AOL was a stylized representation of the website address "ADVERTISING.COM." Id. at 976. On a motion for preliminary injunction, AOL argued that it was likely to succeed on the merits because its federally registered mark "advertising.com" was descriptive. Id. at 978. The Ninth Circuit

---

[2] In the Court's previous order, the Court found that Plaintiff sufficiently stated a claim for service mark infringement under § 1125(a) because, inter alia, Plaintiff alleged its Marks are descriptive and have acquired a secondary meaning. While such allegations may be sufficient to survive a motion to dismiss, the standard for a preliminary injunction requires the Court to determine whether Plaintiff is likely to succeed on the merits of its claim and not simply whether Plaintiff has stated a claim upon which relief could plausibly be granted.

15cv2956 BTM (BLM)

disagreed. In finding genericness, the court applied the "who are you/what are you" test to a hypothetical competitor. Id. The court held that because it would be entirely appropriate for a competitor to describe its company as an "advertising dot-com," the term was generic. Id.

In its reply, Plaintiff argues that its Marks are not generic because other events with similar names are federally registered trademarks, including the "Boston marathon," the "Newport Boat Show," and the "Manhattan Cocktail Classic." While this may be true, federal registration of a mark merely raises a presumption of validity, not an absolute determination of validity. See Tie Tech, Inc. v. Kinedyne Corp., 296 F.3d 778, 783 (9th Cir. 2002) ("In trademark terms, the registration is not absolute but is subject to rebuttal. In essence, the registration discharges the plaintiff's original common law burden of proving validity in an infringement action."); see also Advertising.com v. AOL, 616 F.3d at 978 (finding a previously registered mark generic).

Plaintiff also points to declarations from industry professionals in support of its argument that the Marks have acquired a secondary meaning. However, Plaintiff puts the cart before the horse. Evidence of secondary meaning may render a descriptive term protectable, but secondary meaning is irrelevant to a genericness inquiry. Rather, Plaintiff must first establish that its Marks are not generic before it can demonstrate its Marks warrant protection because they are descriptive and have achieved secondary meaning. See Kendall-Jackson Winery, Ltd. v. E. &. J. Gallo Winery, 150 F.3d 1042, 1047 n.9 (9th Cir. 1998) (noting that the Supreme Court in Two Pesos appeared to reject the argument that a generic mark can become distinctive through secondary meaning); see also Self-Realization Fellowship Church v. Ananda Church of Self-Realization, 59 F.3d 902, 910 (9th Cir. 1995) ("Trademark law is skeptical of the ability of an associate of a trademark holder to transcend personal biases to give an impartial account of the value of the holder's mark.").

//

In short, Plaintiff has failed to meet its burden of persuasion. Plaintiff has not presented any evidence in support of the proposition that the names "San Diego Spirits Festival" and "San Diego International Spirits Bottle Competition" are not generic. See 2 J. McCarthy, Trademarks and Unfair Competition § 12:13 (4th ed.) (noting the types of evidence relevant to a genericness inquiry).[3]

### 2.  State Law Claim

Plaintiff argues that it is likely to succeed on the merits of its state law claim because California's Unfair Competition Law ("UCL") prohibits Defendant's allegedly unlawful practices. However, as the Court held in its previous order on Defendant's motion to dismiss, the UCL does not apply in this case because Defendant is a government entity. (See Order Def.'s Mot. to Dismiss 13-14, ECF No. 25.)

Plaintiff also argues that California Business and Professions Code § 14402 provides for injunctive relief to prevent unlawful infringement of trade names.[4] Here, Plaintiff's Complaint alleges service mark infringement pursuant to California Business and Profession Code § 14245, not the infringement or dilution of trade names. (Compl. ¶¶ 112-17.) As discussed above, Plaintiff has not met its burden of persuasion in regard to genericness. Because generic marks are not eligible for protection under federal law, and because claims for infringement under California law are "substantially congruent with federal claims and thus lend themselves to the same analysis," Grupo Gigante SA De CV v. Dallo & Co., Inc., 391 F.3d 1088, 1100 (9th Cir. 2004) (internal citations omitted), Plaintiff has not demonstrated a likelihood of success on the merits of its state law claim.

//

---

[3] In reaching this conclusion, the Court does not imply that Plaintiff's alleged Marks are generic as a matter of law. Rather, the Court only finds that Plaintiff has not met its burden of persuasion.
[4] Defendant did not address this argument in its opposition, nor did Plaintiff elaborate on this argument in its reply.

//

## III. CONCLUSION

For the reasons discussed above, Defendant's motion for preliminary injunction is **DENIED without prejudice**.

**IT IS SO ORDERED.**

Dated: *September 6, 2016*

*Barry Ted Moskowitz*
Barry Ted Moskowitz, Chief Judge
United States District Court