UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AEGIS SOFTWARE, INC. dba SAN DIEGO SPIRITS FESTIVAL dba SAN DIEGO INTERNATIONAL SPIRITS BOTTLE COMPETITION<br><br>Plaintiff,<br><br>v.<br><br>22ND DISTRICT AGRICULTURAL ASSOCIATION dba DISTILLED: SAN DIEGO SPIRIT AND COCKTAIL FESTIVAL dba SAN DIEGO SPIRIT AND COCKTAIL COMPETITION,<br><br>Defendant. | Case No.: 15CV2956-BTM(BLM)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO AMEND THE SCHEDULING ORDER TO EXTEND DISCOVERY CUTOFF**<br><br>**[ECF NO. 47]** |

On February 5, 2018, Plaintiff filed an "EX PARTE MOTION TO AMEND THE SCHEDULING ORDER TO EXTEND DISCOVERY CUTOFF." ECF No. 47. Plaintiff seeks to extend the fact discovery deadline from February 16, 2018 to April 17, 2018. Id. at 2. In support, Plaintiff argues that despite serving its Requests for Production of Documents ("RFPs") and Special Interrogatories on August 17, 2017, it did not receive responses to the interrogatories until October 17, 2017 and the responses were deficient. Id. The responses were not supplemented until November 16, 2017, which was also the first time Defendant produced a single responsive document to the RFPs. Id. Plaintiff further argues that since serving ten deposition subpoenas in December 2017 for depositions set to take place in January 2018, Defendant has sent twenty-five amended deposition subpoenas which has led to scheduling difficulties. Id. at 2-3. Additionally, on January 30, 2018, Defendant informed Plaintiff that it would not be appearing

1

for its Fed. R. Civ. P. 30(b)(6) deposition set for February 1, 2018 and no alternative date for the deposition has been provided. Id. at 4. Plaintiff notes that Defendant was willing to agree to a thirty-day continuance of the deadlines for purposes of rescheduling its four previously noticed depositions and to reschedule Plaintiff's Fed. R. Civ. 30(b)(6) deposition of Defendant, thus conceding that at least some additional time is needed. Id. at 6. Finally, Plaintiff argues that since the parties only began deposing witnesses in January 2018, they would be prejudiced by the current fact discovery deadline as they would only have six weeks to complete discovery after the commencement of depositions. Id. Plaintiff notes that Defendant will not be prejudiced by a sixty-day continuance. Id.

On February 8, 2018, Defendant filed an opposition to Plaintiff's motion. ECF No. 48. Defendant contends that the only discovery that should be permitted after the February 16, 2018 deadline is discovery that was justifiably delayed, including the depositions of Defendant and nonparties Andrew Faulkner, Charles Morgan, Mark Scialdone, and Roberto Loppi. Id. at 2. Defendant notes that its deposition needed to be rescheduled due to the volume of topics for examination and the number of witnesses required to provide testimony on those topics and that the remaining deposition were delayed because Defendant was provided incorrect contact information in Plaintiff's initial disclosures. Id. Defendant also contends that Plaintiff delayed conducting its own discovery without justification and that Plaintiff's only completed discovery to date has been the RFPs and Special Interrogatories that it served in August 2017. Id. at 2-3. Defendant notes that Plaintiff did not serve its notice of deposition on Defendant until January 11, 2018, but reiterates that it does not oppose an extension of the discovery cutoff for purposes of its deposition. Id. at 3. Defendant also notes that Plaintiff did not serve deposition notices for nonparty witnesses until January 23, 2018, twenty-four days before the end of fact discovery, despite being aware of the witnesses from Defendant's initial disclosures and document production. Id. at 4. Finally, Defendant contends that Plaintiff has failed to show diligence in conducting its discovery justifying a continuance and that it will be prejudiced by a continuance as it will be required to expend further resources "discrediting evidence manufactured by [Plaintiff]." Id. at 4-6.

Once a Rule 16 scheduling order is issued, dates set forth therein may be modified only "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The Rule 16 good cause standard focuses on the "reasonable diligence" of the moving party. Noyes v. Kelly Servs., 488 F.3d 1163, 1174 n.6 (9th Cir. 2007); Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294-95 (9th Cir. 2000) (stating Rule 16(b) scheduling order may be modified for "good cause" based primarily on diligence of moving party). Essentially, "the focus of the inquiry is upon the moving party's reasons for seeking modification." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). However, a court also may consider the "existence or degree of prejudice to the party opposing the modification . . . ." Id.

Plaintiff's motion is **DENIED**. Plaintiff has not demonstrated reasonable diligence. Discovery has been open since July 25, 2017 when the Court issued its scheduling order regulating discovery and other pretrial proceedings. ECF No. 39. Plaintiff does not explain why it waited until a month before the close of discovery to issue its first deposition notice or how that demonstrates diligence. This timing is concerning given that the witnesses whose depositions were noticed in January were identified earlier in Defendant's initial disclosures and document production. However, in light of the fact that the close of discovery is only eight days away and both parties recognize and agree that there are additional depositions that need to occur, the Court finds it appropriate to continue the current discovery deadline for approximately thirty days. Accordingly, all fact discovery shall be completed by all parties on or before **March 19, 2018**. The continuance is not limited to the five depositions as suggested by Defendant. On or before **February 16, 2018**, the parties are required to file a joint discovery schedule setting forth the date, time, and location of all remaining depositions. All other deadlines remain as previously set. See ECF No. 39.

**IT IS SO ORDERED**.

Dated: 2/9/2018

Hon. Barbara L. Major
United States Magistrate Judge